AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Louisiana

| | |
|---|---|
| United States of America<br>v.<br>Fred Douglas Brooks, III<br><br>*Defendant(s)* | Case No.<br>14-88 MAG |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of From on or about June 1, 2012, through the present in the parish of Jefferson in the Eastern District of Louisiana, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 846, 841(b)(1)(A) | Conspiracy to distribute 1 kilogram or more of heroin |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

/s/Demond J. Lockhart
*Complainant's signature*

Demond J. Lockhart, Task Force Officer, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 7/2/14

*Judge's signature*

City and state: New Orleans, Louisiana    Honorable Michael B. North, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

BEFORE ME, the undersigned authority, personally came and appeared Demond J. Lockhart, Task Force Agent, Drug Enforcement Administration ("DEA"), United States Department of Justice, who, after being duly sworn, deposed and stated the following information, which he acknowledges as true to the best of his knowledge and belief:

1. I am a Task Force Officer ("TFO") with the Drug Enforcement Administration ("DEA"), United States Department of Justice, currently assigned to the New Orleans Field Division ("NOFD") of DEA, High Intensity Drug Trafficking Area ("HIDTA"). I have been employed as a DEA Task Force Officer for over twelve years, having worked for sixteen years (16) as a Police Officer in the New Orleans Police Department, including over fourteen years as a narcotics detective. I have participated in numerous investigations involving drug trafficking violations, including, but not limited to, the distribution, importation, manufacturing, and possession with the intent to distribute illegal controlled substances, and conspiracy to commit the same, as well as the use of communication facilities, such as telephones, digital telephone pagers, and other like facilities, to facilitate drug law violations.

2. I submit this affidavit in support of a criminal complaint for **FRED DOUGLAS BROOKS III a.k.a. "PJ"** because I believe that probable cause exists to arrest **BROOKS** for the commission of one or more federal criminal offenses based upon the following facts that I have learned from my own personal investigation of this matter, as well as from the following reliable sources:

   a. Oral and written reports about this and other investigations that your affiant has received from members of DEA and the New Orleans Police Department ("NOPD");

1

      b.    Physical surveillance conducted by DEA and NOPD that has been reported to your affiant directly or indirectly;

      c.    Public and subpoenaed records;

      d.    Review of pen register and trap and trace information, telephone call records, and subscriber information;

      e.    Monitored and recorded conversations and text messages obtained through court-authorized wire intercepts of target telephones;

      f.    Interviews of cooperating sources whose information has been corroborated by this investigation; and

      g.    Voluntary admissions by **BROOKS**.

3.    This affidavit is submitted for the limited purpose of securing a criminal complaint, and therefore your affiant has not set forth each and every fact known to him concerning this investigation. Your affiant has included what are believed to be facts sufficient to establish probable cause for the complaint sought. Your affiant also has not disclosed the identities of those of **BROOKS'** uncharged criminal associates mentioned within this affidavit in order not to compromise an ongoing investigation.

4.    After conducting a series of court-authorized wire intercepts on local New Orleans heroin dealers, DEA agents identified **BROOKS** as a Houston-based heroin trafficker who was distributing multiple kilograms of heroin at a time to two high-level New Orleans area heroin wholesalers, both personally and through couriers who were bringing the heroin to, and picking up bulk currency drug debt payments from, the New Orleans wholesalers on behalf of **BROOKS**. DEA conducted lawful searches of electronic communications among **BROOKS**, his couriers, and his two New Orleans wholesale customers and secured Title III wire intercepts

on cellular phones used by **BROOKS** to orchestrate his trafficking and money laundering activities.

5. The communications obtained, which were corroborated by other sources, including public source, flight, vehicle rental, hotel, banking, phone toll, cell site, and other records, as well as physical surveillance and reliable confidential source information, demonstrated that, beginning at a time unknown but before June 1, 2012, and continuing to the present, **BROOKS** agreed and conspired with his customers and courier to distribute heroin in the New Orleans area. After the death of **BROOKS'** primary New Orleans wholesale heroin customer in or around May 2013, **BROOKS** dealt more directly with his two other New Orleans wholesale customers. **BROOKS** would then notify these two customers directly, usually via text message, when he was sending heroin to them by referring to heroin as "love" and by using multiple heart-shaped text message icons to indicate the number of kilograms that were being sent. **BROOKS** would also indicate when he, or more often one of his couriers, would be arriving travel to the New Orleans area to make the delivery, or to pick up "documents" or "docs," code works for bulk currency. For heroin deliveries, **BROOKS** would direct delivery to Jefferson Parish, Louisiana, by common carrier. Then a courier would arrive in Jefferson Parish, Louisiana, and pick up the heroin shipment and deliver it to the wholesalers in Jefferson Parish. These heroin deliveries, in the amount of approximately three to five kilograms of heroin per delivery, occurred approximately once per month during this period.

6. On June 30, 2014, DEA Houston prepared to execute federal search warrants at multiple residential and commercial addresses in the Houston, Texas, area utilized by **BROOKS** in furtherance of his trafficking and laundering activities. During pre-warrant surveillance, agents located **BROOKS** and detained him. **BROOKS** was advised of the nature of the

3

investigation and his rights per *Miranda*, and **BROOKS** indicated that he understood those rights but was willing to cooperate and answer questions regarding the investigation. **BROOKS** also signed a DEA Advice of Rights form.

7. **BROOKS** confirmed the information contained in the preceding paragraphs of this affidavit. More specifically, **BROOKS** stated that he had supplied multiple kilograms of heroin to the two known New Orleans area wholesale distributers on many occasions over the past two years. **BROOKS** would direct one of his known couriers to a known common carrier in Jefferson Parish, Louisiana, to pick up a shipping box with a container inside containing multiple kilograms of heroin, and bring the heroin to the known New Orleans area wholesale customers. **BROOKS** would also travel to the New Orleans area himself, or send one of the known customers there, to pick up bulk currency payments for the heroin.

8. Based upon the above information, I submit that probable cause exists to conclude that **BROOKS**, beginning at a time unknown but before June 1, 2012, and continuing to the

present, did conspire with others to distribute heroin in the Eastern District of Louisiana, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

/s/ Demond J. Lockhart
DEMOND J. LOCKHART
Task Force Officer
Drug Enforcement Administration

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Sworn to and subscribed before me
this 2nd day of July, 2014, at 5:22 p.m.,
New Orleans, Louisiana.

HONORABLE MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE